**FILED**
**JULY 6, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parental Rights to: | ) | No. 37711-3-III |
| | ) | (consolidated with |
| D.J.S. | ) | No. 37928-1-III) |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, C.J. — Dennis J. Smith[1] is a Native American child who was removed

from his home at birth by the Department of Children, Youth and Families (Department).

Court orders terminating the parental rights of Dennis's father, James Smith, have been

subject to substantial litigation due to the Department's struggles with satisfying the terms

of the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901-1963, and the

---

[1] In the interest of consistency, we adopt the pseudonyms for the child and father used by this court in its prior decision. *See In re Parental Rights to D.J.S.*, 12 Wn. App. 2d 1, 7, 456 P.3d 820 (2020), *overruled in part by In re Dependency of G.J.A.*, No. 98554-5, slip op. at 37 n.16, 44 n.17 (Wash. June 24, 2021), https://www.courts.wa.gov/opinions/pdf/985545.pdf.

Nos. 37711-3-III; 37928-1-III
*In re Parental Rights to D.J.S.*

Washington State Indian Child Welfare Act (WICWA), chapter 13.38 RCW. Most recently, we remanded on appeal of an order terminating Mr. Smith's parental rights based on the Department's failure to engage in active efforts at family reunification, as required by ICWA and WICWA. *In re Parental Rights to D.J.S.*, 12 Wn. App. 2d 1, 7, 456 P.3d 820 (2020) (*D.J.S.*), *overruled in part by In re Dependency of G.J.A.*, No. 98554-5, slip op. at 37 n.16, 37 n.16, 44 n.17 (Wash. June 24, 2021), https://www.courts.wa.gov/opinions/pdf/985545.pdf. In our remand, we directed the juvenile court to assess whether active efforts would be futile, an issue that had not been previously addressed. At the remand hearing, the juvenile court determined active efforts would be futile and Mr. Smith appealed the court's findings on remand. The juvenile court later incorporated its futility findings in an order terminating parental rights. Mr. Smith also appealed from that order and the two cases have been consolidated for review.

We reverse the juvenile court's order terminating parental rights. The Supreme Court's decision in *G.J.A.* overturned our holding in *D.J.S.* that the futility doctrine applies in dependency cases involving Native American children. *See G.J.A.*, No. 98554-5, slip op. at 44 n.17. Based on our prior ruling that the Department failed to provide Mr. Smith with active efforts at family reunification, the order terminating Mr. Smith's parental rights to his son must be reversed. 25 U.S.C. § 1912(d) (termination of parental

2

rights must be preceded by active efforts); RCW 13.38.130(1) (same). This matter is remanded to reinstate the dependency.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

3